The PEOPLE of the State of Colorado, Complainant,

v.

John Louis VIDAKOVICH, Attorney–Respondent.

No. 91SA72.

Supreme Court of Colorado, En Banc.

May 6, 1991.

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick and Jay P.K. Kenney, Asst. Disciplinary Counsels, Denver, for complainant.

Cecil A. Hartman, Denver, for respondent.

PER CURIAM.

This attorney disciplinary case is before us on the recommendation of the Supreme Court Grievance Committee that the respondent, John Louis Vidakovich, be disbarred. We accept the recommendation.

I.

The respondent was admitted to the practice of law in Colorado in 1978 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. C.R.C.P. 241.1(b).

The respondent presently is serving a four year sentence in the federal penitentiary at Leavenworth, Kansas as a result of his convictions of bank fraud. Vidakovich pled guilty to a three-count information in the United States District Court for the District of Wyoming. He later attempted to withdraw his guilty pleas but his motion was denied. The United States Court of Appeals for the Tenth Circuit affirmed the trial court's refusal to allow the respondent to withdraw his guilty pleas. *United States v. Vidakovich*, 911 F.2d 435 (10th Cir.1990). The respondent was the owner of the Yellowstone State Bank in Lander, Wyoming, which was closed by federal and state bank regulators in 1985. A grand jury investigated the bank failure and Vidakovich entered into a plea agreement before any indictments were returned. The Tenth Circuit described the plea agreement as follows:

> Pursuant to a plea bargain with the government, John L. Vidakovich pled guilty on May 18, 1989 to a three-count information filed in the United States District Court for the District of Wyoming charging him with bank fraud.

Specifically, count one charged Vidakovich, the owner of the Yellowstone State Bank, with the misapplication of monies belonging to the Yellowstone State Bank, which was insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 656. In count two, he was charged with the making of false entries in the books and records of the Yellowstone State Bank for the purpose of injuring and defrauding the bank, the Federal Deposit Insurance Corporation, and examiners of the Federal Reserve Bank of Kansas City, Missouri, in violation of 18 U.S.C. § 1005. In count three Vidakovich was charged with obstruction of justice by knowingly, and with an improper motive, failing to produce documents in his possession for inspection and use by a Grand Jury, in violation of 18 U.S.C. § 1503.

911 F.2d at 436.

We accept the Grievance Committee's findings that the respondent was convicted of serious crimes as defined in C.R.C.P. 241.16(e)(1) and 241.6(5) and that his conduct involved dishonesty, fraud, deceit, or misrepresentation in violation of the Code of Professional Responsibility, DR 1–102(A)(4). The respondent failed to report his convictions to the Office of Disciplinary Counsel as required by C.R.C.P. 241.16(b). The respondent's conduct violated DR 1–102(A)(1) (violation of a disciplinary rule), and DR 1–102(A)(6) (conduct adversely reflecting on fitness to practice law). His acts are subject to discipline under C.R.C.P. 241.6.

## II.

We immediately suspended the respondent from the practice of law after his guilty pleas were entered. As noted above, those convictions now have been upheld on appeal.

Under Standard 5.11(a) of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986), disbarment is the appropriate sanction in this case. The standard provides for disbarment when:

> a lawyer engages in serious criminal conduct, a necessary element of which in-

cludes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ....

The respondent has not taken exception to the Grievance Committee's recommendation of disbarment and we agree that the recommended sanction should be imposed. Vidakovich pled guilty to charges that he, as the owner, agent, chairman of the board of directors and a member of the loan committee of the Yellowstone State Bank, acted with intent to injure and defraud the bank and that he willfully misapplied or caused to be misapplied approximately $1,250,000.00 in funds entrusted to the care of the bank.

Accordingly, we order that the respondent, John Louis Vidakovich, be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in this state. The disbarment shall be effective on the date of this order. The respondent is further ordered to pay costs in the amount of $174.33 to the Supreme Court Grievance Committee, Dominion Plaza Suite 500 S, 600 Seventeenth Street, Denver, Colorado 80202–5435 within thirty days of the date of this order.